AYRES, Judge.
This is an action for a divorce upon the usual statutory grounds of adultery and, in the alternative, for a separation a mensa et thoro on the grounds of abandonment. On trial of an application to confirm a default, plaintiff was granted a- separation. Her demands for a divorce were rejected and, from the judgment, she prosecutes this appeal.
The question on appeal concerns the credibility of the witnesses who testified to defendant’s purported act of adultery. The trial court was of the opinion the witnesses were unworthy of belief and their testimony evidenced a prearranged incident.
The testimony of the witnesses is to the effect that near midnight of August 15, 1968, they accompanied defendant to an apartment where they remained for about an hour. During this interval, it was testified, defendant and a woman known only as “Sue” retired to a bedroom under circumstances from which the witnesses concluded defendant committed adultery. Their conclusion, so they testified, was later confirmed by defendant’s admission. One of these witnesses also testified he did not know at the time defendant was married but, on learning that fact a few days later, he related, in a telephone call to the wife, the details of the occurrence. This was the manner, said by plaintiff, in which she obtained information as to defendant’s conduct.
This testimony warranted the conclusion that the incident of adultery was prearranged and that the witnesses were unworthy of belief. It would appear most unusual, unlikely, and out of the ordinary for one to carry two friends with him to witness his conduct, from which they could conclude he committed adultery. Moreover, it was likewise most unusual, unlikely, and out of the ordinary for one of the witnesses, on learning that his friend was married, to telephone his friend’s wife and detail the circumstances.
We find no error in the rejection of this character of testimony or in the conclusion that the witnesses were unworthy of belief.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.